ZWEIG VS. THE HORICON IRON & MANUFACTURING COMPANY.

*Equity—Abatement of dam for non-payment of costs of suit.*

1. In an action to abate a mill dam by one who had obtained a judgment against the owner of the dam, for flowage, execution whereon was returned *nulla bona*, this court, on appeal, remanded the cause with directions to the court below to retain the suit until the plaintiff should have made a second effort to collect his judgment by execution; and that upon the payment of the judgment *and of the costs in the equitable action,* the latter should be dismissed; otherwise the plaintiff should have the relief demanded. The amount of the judgment was afterwards made on the execution, but the costs of the present suit were not paid. *Held,* that the plaintiff was entitled to a judgment in this action requiring the costs to be paid within a reasonable time to be fixed by the court, or that on default of such payment the dam be abated.

2. But no such judgment having been taken, it was not error to deny a motion by the plaintiff to abate the dam.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to abate a mill dam. A report of the decision on a former appeal, with a statement of the case, will be found in 17 Wis., 362–372.

*J. M. Gillett* and *S. U. Pinney*, for appellant.

*W. P. Lynde* and *E. G. Ryan*, for respondent.

DOWNER, J. This cause has been previously before this court, and is reported in 17 Wis., 371. The court there decided that the plaintiff was rightly in court, and had a right to the relief demanded: but, as a matter of discretion, and more to protect the lessees of the corporation defendant than the corporation itself, directed the circuit court to retain the cause until the plaintiff had made a further effort to collect the judgment by execution; and that upon the company paying the judgment and the costs of this action, the complaint should be dismissed; otherwise the plaintiff should have the relief demanded. It appears that an execution was issued, and the amount of the judgment made. The plaintiff then had his costs in this action taxed, and demanded payment, and, they not being paid, moved the court for an order to remove the mill dam. This was denied; and from that order denying the motion the plaintiff has appealed to this court.

It appears to us that the proceeding was irregular. If the judgment had not been paid or made on execution, what judgment should the circuit court have rendered in this action? It would have adjudged that there was due to the plaintiff from the company a certain sum, being the full amount of the judgment at law and the costs in this action, and ordered the company to pay it by a certain day, or within a certain number of days after the service of a copy thereof on the company, or in default thereof that the mill-dam be removed. Or if it had in the first instance ordered the mill-dam removed, it would have been with a clause, unless the amount so ascertained to be due should be paid before it was removed. The judgment at law having been paid, it appears to us that the plaintiff should proceed in the same manner to judgment for his costs in this suit that he would have proceeded if his whole demand remained unpaid, and that the judgment for costs, if he wishes to remove the dam if it is not paid, should have the same conditions. It is true, as a general rule, that where a debt is paid after suit is commenced and before judgment, or where the plaintiff does not recover judgment for the relief demanded in his complaint, he is not entitled to costs. But we consider this case as an exception to the general rule; that the plaintiff's right to costs was fixed by the previous decision of this court; and that those costs attach to the original claim, this action being but part of continuous proceedings for its collection.

*By the Court.*—The order of the circuit court is affirmed, with costs.